**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

IN RE:

**PAULA A MILNER,**

Debtor.

**Case No. 25-23473**
**Chapter 13**

**JOINT RESPONSE IN OPPOSITION TO DEBTOR'S**
**MOTION FOR CONTEMPT AND SANCTIONS**

Glankler Brown PLLC and Millington Oaks Apartment ("Lessor") hereby jointly file this Response in Opposition to Debtor Paula A. Milner's Motion for Contempt and Sanctions and would state as follows:

1.    Paula A. Milner ("Debtor") previously filed Case Number 23-23647 on July 7, 2023.

2.    On October 8, 2024, Lessor filed a Motion for Relief from Stay [D.E. 18], to pursue eviction proceedings in the Shelby County General Sessions Court.

3.    Lessor's Motion was granted on February 11, 2025 [D.E. 38] lifting the stay as to Lessor.

4.    On April 25, 2025, Debtor's case was dismissed for non-payment.

5.    On February 20, 2025, Lessor filed an FED against Debtor for non-payment of rent. The Shelby County General Sessions Court granted a judgment for possession and unpaid rent in the amount of $1,958.00 in favor of Lessor on May 1, 2025.

6.    Ten days passed, and Debtor did not appeal the judgement.

7.    On May 11, 2025, the possessory judgment granted in favor Lessor became a final

judgment. *See* Tenn. Code Ann. § 27-5-108(a)(1) ("Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter."); *see also Rajapakse v. Lexington Asset Mgt. (TN), LLC*, No. 1:16-CV-97, 2017 WL 6029607, at \*6 (E.D. Tenn. Dec. 5, 2017), *aff'd sub nom. Rajapakse v. Lexington Asset Mgt.*, No. 18-5028, 2018 WL 11448021 (6th Cir. June 25, 2018) ("Because the judgment entered in the Eviction Proceeding was not appealed to Circuit Court it became final.").

8.    Debtor tendered some rent payments to Lessor which were accepted with full reservation of rights.

9.    On July 15, 2025, more than two months after the possessory judgment granted in favor of the Lessor became final, Debtor filed the instant bankruptcy petition.

10.    Section 362(b)(22) is clear, the automatic stay does <u>not</u> apply to "the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained <u>before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor[.]</u>" 11 U.S.C. § 362(b)(22).

11.    There is but one exception to Section 362(b)(22). Under Section 362(l), if a Debtor files with his/her petition a <u>certificate under penalty</u> of perjury that "under non-bankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and the debtor (or an adult dependent of the debtor) <u>has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition</u>", the Debtor may be issued a 30 day temporary stay. *See* 11 U.S.C. §

362(l)(1).  A debtor must also serve that certificate upon the lessor.  *Id.*

12.     But compliance with Section 362(l)(1) provides only a temporary 30-day stay.  *See id.*  For the automatic stay to apply to a final judgment of eviction, the Debtor must, "within the 30-day period after the filing of the bankruptcy petition . . .  file[] with the court and serve[] upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under non-bankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor[.]"  11 U.S.C. § 362(l)(2).

13.     Section 362(l) is to be strictly enforced, and where "[n]o certification under 11 U.S.C. Section 362(l)(1) or (2) was filed… the exception to the stay under 11 U.S.C. Section 362(b)(22) is applicable."  *In re Maggiore*, No. 16-60234, 2016 WL 1238852, at *3 (Bankr. N.D. Ohio Mar. 29, 2016).

14.     Debtor did not file the Section 362(l) certificate under penalty nor did Debtor deposit with the Clerk of the Court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

15.     Thus, the temporary automatic stay never applied to the May 1 Judgment.

16.     Likewise, Debtor failed to file the Section 362(l)(2) certification under penalty nor did the Debtor cure the entire monetary default that gave rise to the judgment under which possession was sought by the Lessor.

17.     Thus, the permanent automatic stay never applied to the May 1 Judgment.

18.     Debtor argues at length that Lessor should have requested an exception to the automatic stay, but absent filing and serving certificates under § 362(l)(1) and § 362(l)(2) and the cure payment, no request by Lessor was necessary because under the plain terms of § 362, no

automatic stay applied to Lessor's final judgment. *See* 11 U.S.C. § 362(b)(22), (l); *In re Maggiore*, 2016 WL 1238852, at *3.

19.    To the extent that Debtor argues that the final judgment should be void or that Debtor has some recourse under Tennessee law, those issues are better addressed in state court - not here - as the May 1 Judgment is specifically excluded from the automatic stay. *See* 11 U.S.C. § 362(b)(22).

20.    In sum, Lessor obtained a pre-petition final judgment. Debtor failed to comply with 11 U.S.C. § 362(l), such that no automatic stay applied to the May 1 Judgment. Lessor's execution of the May 1 Judgment cannot be a violation of an automatic stay that never applied in the first place.

21.    As such, Debtor's Motion for Contempt and Sanctions is without merit and should be DENIED.

THEREFORE, PREMISES CONSIDERED, Glankler Brown, PLLC and Lessor respectfully request that the Court enter an order DENYING Debtor Paula A. Milner's Motion for Contempt and Sanctions.

**GLANKLER BROWN, PLLC**

By: /s/ S. Joshua Kahane
S. Joshua Kahane (TN# 23726)
S.T. Rayburn (TN# 41634)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
(901) 576-1701
jkahane@glankler.com
srayburn@glankler.com

Attorneys for Lessor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was provided to the persons listed below via first class U.S. mail, postage prepaid, hand delivery, or facsimile or other electronic means this 18th day of November 2025.


*Via U. S. Mail*
Paula A. Milner
Debtor
3800 S. Advantage Way #304
Memphis, TN 38128
    *and*
4923 Navy Road #3
Millington, TN 38053

*Via U. S. Mail*
Arthur Byrd
Attorney for Debtor
Law Office of Arthur A. Byrd, Jr.
116 Mulberry
Collierville, TN 38017

*Via U. S. Mail*
Jennifer K. Cruseturner
Chapter 13 Standing Trustee
5350 Poplar Ave, Ste 500
Memphis, TN 38119


/s/ S. Joshua Kahane