UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

IN RE:

PAULA A MILNER,

      Debtor.

Case No. 25-23473
Chapter 13

## SUPPLEMENTAL BRIEF IN OPPOSITION TO
## DEBTOR'S MOTION FOR SANCTIONS

At the hearing before the Court on November 19, 2025, the Court discussed a ruling issued by Judge Kennedy (formerly of the US Bankruptcy Court Western District of Tennessee) which involved determination of a "final judgement" vis-à-vis a General Sessions FED action.  Mr. Byrd, Debrot's Counsel, indicated that subject case could be found within the ruling in a case styled *In re Talley*.  *See* 69 B.R. 219 (Bankr. M.D. Tenn. 1986).  After researching the case, it appears that the only Western District of Tennessee case cited by *In re Talley* is *Buckner v. Colonial H. Apartments*.  *See* 64 B.R. 90 (W.D. Tenn. 1986).  And while, there is discussion therein about the issuance of a Writ of Possession become an Event which designates that a General Sessions FED judgement is a "final judgment" under the bankruptcy code, Undersigned council would respectfully suggest That the ruling is inapplicable to the present case.

*Buckner* and its progeny, **all predate** the significant Bankruptcy reform in the mid-2000s.  Importantly, the provision applicable in this case - excepting possessory judgments from the automatic stay, 11 U.S.C. § 362(b)(22) - **was only added to the Code in 2005**.  *Compare* 11 U.S.C. § 362 (effective October 21, 1998) *with* 11 U.S.C. § 362 (effective October 5, 2006); *see also* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, PL 109–8, April 20,

2005, 119 Stat 23.  Thus, *In re Talley* and *Buckner* are not informative to the issues before the Court in this case and the litigants should not bound by those prior rulings.

Additionally, at the time § 365(b)(22) was added to the Bankruptcy Code, there was a split in authority around, the country, as to whether a leasehold interest "expired" when a possessory judgment was entered, a writ was issued, or a writ was served, such that it could be assumed and made part of the bankruptcy plan under 11 U.S.C. § 365.  *See In re Moore*, 290 B.R. 851, 874-76 (Bankr. N.D. Ala. 2003) ("The so-called analogous leasehold estate ending point is required by some bankruptcy courts to be where the debtor-lessee (i) no longer has any property interests forming any portion of what is a leasehold estate, and (ii) does not have any further ability to obtain relief from the forfeiture of the leasehold estate.  This point in the lease-leasehold estate ending process is variously recited to be at some point from the of entry of a judgment of possession in an unlawful detainer suit to the later issuance, service, or execution of a writ of possession in such a suit." (collecting cases)); *In re Collier*, 163 B.R. 118 (Bankr. S.D. Ohio 1993) ("Judicial opinions are divergent in their approach to determining the expiration date of leases.").

It therefore stands to reason that the 2005 revision to the Bankruptcy Code was designed in part to answer that question by stating that a lessor **may proceed** with "the continuation of any eviction" when that lessor obtains "a judgment for possession of such property against the debtor" before the date of the filing of the bankruptcy petition.  11 U.S.C. § 362(b)(22).  Post enactment of §362(b)(22), Courts have consistently held that where a lessor obtains a pre-filing possessory judgment, that lessor may continue with the eviction proceedings post-filing unless a debtor complies with § 362(l).  *See, e.g.*, *In re Paul*, 473 B.R. 474 (Bankr. S.D. Ga. 2012) ("In the current case, it is undisputed that [the lessor] obtained a pre-petition judgment, therefore 11 U.S.C. § 362(b)(22) excludes the eviction proceeding from the automatic stay."); *see also In re Turki*, 652

B.R. 470, 474 (Bankr. D.S.C. 2023) ("The Court finds that Debtor's failure to comply with the statutory requirements under § 362(l) made the exception in § 362(b)(22) immediately applicable.").

For the foregoing reasons, Creditor and Undersigned council respectfully suggest that Debtor's Motion for Sanctions be DENIED.

**GLANKLER BROWN, PLLC**

By: /s/ S. Joshua Kahane
S. Joshua Kahane (TN# 23726)
S.T. Rayburn (TN# 41634)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
(901) 576-1701
jkahane@glankler.com
srayburn@glankler.com

Attorneys for Creditor,
Millington Oaks Apartments

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was provided to the persons listed below via first class U.S. mail, postage prepaid, hand delivery, or facsimile or other electronic means this 10th day of December 2025.

*Via U. S. Mail*
Paula A. Milner
Debtor
3800 S. Advantage Way #304
Memphis, TN 38128
    *and*
4923 Navy Road #3
Millington, TN 38053

*Via U. S. Mail*
Arthur Byrd
Attorney for Debtor
Law Office of Arthur A. Byrd, Jr.
116 Mulberry
Collierville, TN 38017

*Via U. S. Mail*
Jennifer K. Cruseturner
Chapter 13 Standing Trustee
5350 Poplar Ave, Ste 500
Memphis, TN 38119

/s/ S. Joshua Kahane