UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

IN RE:

Paula A Milner                                CASE NO.:   25-23473
                                              CHAPTER    13
Debtor

RESPONSE TO CREDITORS' JOINT RESPONSE IN OPPOSITION TO DEBTOR'S
MOTION FOR CONTEMPT AND SANCTIONS AND CREDITOR' SUPPLEMENTAL
BRIEF IN OPPOSITION TO DEBTOR'S MOTION FOR SANCTIONS

Since the filing of Debtor's Motion for Contempt and Sanctions (ECF No 22) Creditors'

have filed both a response to that motion (ECF No 33) as well as a Supplemental Brief in

Opposition to Debtor's Motion for Sanctions (ECF No. 38).  A hearing was held on Debtor's

Motion on November 19, 2025.  At no point in Creditors' responses nor in oral argument have

Creditors' denied knowledge of the automatic stay.  Creditors' sole reliance in opposition to the

Motion is the limited exception to the automatic stay contained in Section 362(b)(22) and argues

that "no automatic stay applied to Lessor's final judgment".  (ECF No 33).

At the hearing on November 19, 2025 the Court pointed out that the eviction filed that

gave rise to the set-out at issue was in itself a violation of the automatic stay, as it was filed nine

(9) days after the order on the motion for relief.  Bankruptcy Rule 4001(a)(4) provides that

"unless the court orders otherwise, an order granting a motion for relief from the automatic stay

under (1) is stayed for 14 days after it is entered."  While "the enforcement and implementation

of an order granting relief from the automatic stay is temporarily stayed under" this paragraph,

"the automatic stay continues to protect the debtor, and the moving party may not foreclose on

collateral or take any other steps that would violate the automatic stay."  Fed. R. Bankr. P. 4001

Advisory Committee's Note (1999).

Creditors argued at the hearing that this technical stay violation is of no consequence, as no appeal of the Order for Relief was sought by the Debtor.  Creditors failed to address the fact that the eviction filing itself was a voidable act as it was taken in violation of the automatic stay.  Actions taken in violation of the automatic stay imposed under § 362(a) are *invalid and voidable and shall be voided absent limited equitable circumstances*.  **Easley v. Pettibone Michigan Corp., 990 F.2d 905, 911 (6th Cir. 1993)**.  The court in Easley reasoned that some inadvertent stay violations can be ratified as 11 U.S.C. § 362(d) permits the bankruptcy courts to annul the stay and permits an "order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay."  **Id**.  "And unless equity dictates otherwise, these actions will be voided by the court in which the invalid action against the debtor was filed.  We emphasize that we are not encouraging creditors to violate the stay, and we offer no new exceptions to the operation of the stay".  **Id**.  Creditors here were clearly aware that the stay existed.  If anyone needed to appeal the Order for Relief it is the Creditors', in their desire to have Bankruptcy Rule 4001(a)(4) waived.  In failing to do so, their actions constituted a violation of the stay.

The filing of the eviction by Creditors without waiver of Bankruptcy Rule 4001(a)(4) was a violation of the automatic stay.  That action is voidable and shall be voided unless equity dictates otherwise.  Creditors are therefore asking that this Court use her equitable powers to validate its actions, its position, and the set-out that occurred on August 13, 2025.  If Creditors' stay violation action on February 20, 2025 is not validated, then the entirety of the 362(b)(22) argument is moot.  While it is indisputable that Creditors obtained a judgment for possession on May 1, 2025, it is equally indisputable that they obtained a voidable judgment.  The judgement did not become any less voidable on May 11, 2025 after ten (10) days passed.

Creditors' further claim, without proof, that rent payments made by the Debtor were accepted with full reservation of rights.  After the filing of the eviction on February 20, 2025 Debtor paid and Creditor accepted;

$1,300.00 on February 21, 2025

$800.00 on March 12, 2025

$1,100.00 on April 9, 2025

$400 on April 24, 2025

$600.00 on May 10, 2025

$790.00 on May 21, 2025

$550 on May 31, 2025

$600 on July 25, 2025

$675 on August 8, 2025.  **Exhibit D**.

Not one receipt provided to the Debtor for those payments expressed any reservation of rights. Creditors argue, without authority, that the reservation of rights is implied and contracted between the parties in their lease agreement.  However, the word "reservation" is not used a single time in Debtor's 32-page lease agreement.  Further, Debtor not only continuously paid rent, but Debtor continuously communicated with Creditor.  After Debtor emailed notice of her bankruptcy on July 15 which included her intention and plan to continue paying rent while remaining in the property, Creditor responded not with "reservation", but asked when the next payment would be made, and indicated that Debtor's intentions had been passed along to the "powers that be" so that everyone was aware of the plan.  **Exhibit E**.  Two payments were accepted after that date, without reservation.  Even if the lease provided for some contractual

"reservation in perpetuity" the same would not allow Creditors' to mislead the Debtor, in writing, so that they could keep getting money until they set her out.

Creditors have to date not denied knowledge of the automatic stay in this case. Their argument is simply; (1) that they were entitled to ignore the stay based on 11 U.S.C. § 362(b)(22); (2) their prior stay violation is of no consequence and should be validated, and; (3) even though they have never once uttered the word "reservation" to the Debtor in words actions or writings, she should have known they were accepting her payments with the intention of setting her out.

"Exceptions to the automatic stay should be interpreted "narrowly to give the automatic stay its intended broad application." In re Grede Foundries, Inc., 651 F.3d 786, 790 (7th Cir. 2011); see also In re Montgomery, 525 B.R. 682, 693 (Bankr. W.D. Tenn. 2015) (Exceptions to the automatic stay are "narrowly written and strictly construed."); In re Glabb, 261 B.R. 170, 174 (Bankr. W.D. Pa. 2001) (Because the scope of the automatic stay is broad, the exceptions provided for in section 362(b) are limited to further the purposes of the stay.); In re The Fairchild Corp., 2009 WL 4546581, *4 (Bankr. D. Del. Dec. 1, 2009) ("[T]he structure of the automatic stay provisions generally supports a narrow interpretation of all exceptions to the automatic stay."); 3 COLLIER ON BANKRUPTCY ¶ 362.05 (16th ed. 2014).' " **Connor v. Prop. Fund 629, LLC (In re Connor), 632 B.R. 506 (Bankr. M.D. Tenn. 2021)**

Creditors' reliance on the exception contained in 11 U.S.C. § 362(b)(22) in this case is shaky at best. Creditors' first must ask this Court to equitably validate their prior invalid act. To

do so, Creditors would have to convince the Court that the Debtor that paid rent monthly and communicated with the Creditor repeatedly was acting in bad faith.  Creditors would have to convince the Court that they themselves were acting in good faith in continuing to accept rent, accepting Debtor's own written "plan" to finish paying the rent, and then without warning setting her out anyway.  Creditors would have to convince this Court that the presentation to the General Sessions Court of a 2023 bankruptcy filing notice, when no one else had done so, was in good faith and for no other purpose.

Further, Creditor does not wholeheartedly deny that the eviction judgment should be voided under Tennessee Code Annotated *§* 66-28-508 or that under Tennessee State Law Debtor may have recourse but rather states that "those issues are better addressed in state court" (ECF No. 33 Paragraph 19). Perhaps Creditor could have exercised the opportunity to make that argument at the hearing to extend the automatic stay.

Creditors' desire that it is *the exception* that should be interpreted broadly, and the *stay* that should be interpreted narrowly, is respectfully not in accordance with the purpose of this Court or the debtors that seek its protection.

**WHEREFORE, PREMISES CONSIDERED**, your Debtor prays that this matter be set for a hearing, that the Court enter an order that Creditors violated the Automatic Stay willfully and awarding Debtor fees and costs, as well as actual damages, and punitive damages.

Respectfully Submitted,

/s/ Arthur A Byrd Jr.

Arthur A Byrd Jr    (029081)
Attorney for Debtors
116 Mulberry Street
Collierville, TN  38017
(901)848-2549

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing Motion has been

served upon all interested parties per the Creditor Matrix including Glankler Brown PLLC, Attn:

Manager or Officer, 6000 Poplar Ave Ste 400 Memphis TN  38119 and Capstone Property

Management LLC c/o Northwest Registered Agent Inc 116 Agnes Road Ste 200 Knoxville TN

37919 and Capstone Property Management LLC, Attn:  Manager or Officer 103 W 2nd St Ste 1

Howell Township, NJ  07731 via regular U.S. Mail, postage prepaid, this the 10 December 2025.


 /s/ Arthur A Byrd Jr.

Arthur A Byrd Jr.