**Dated: February 12, 2026**
**The following is ORDERED:**

_____
**M. Ruthie Hagan**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In re
**Paula Antwanette Milner**                                       Case No. 25-23473
Debtor                                                               Chapter 13

**OPINION AND ORDER GRANTING DEBTOR'S MOTION FOR SANCTIONS FOR**
**WILLFUL VIOLATION OF THE AUTOMATIC STAY**

This matter involves a dispute between a Chapter 13 Debtor and her Landlord and

Landlord's Counsel ("Respondents") over the application of the automatic stay of 11 U.S.C. §

362(a) of the Bankruptcy Code to a judgment of possession that the Landlord obtained against the

Debtor before she filed her Chapter 13 case. The dispute centers on an exception to the automatic

stay under § 362(b)(22) and the applicability of FED. R. BANKR. P. 4001(a)(4) to an order granting

relief from automatic stay entered in a previous case. For the reasons explained in this Opinion,

1

the Court holds that (i) the automatic stay of § 362(a)(1) and (3) applies to the Landlord's acts to proceed with eviction proceedings and enforcement of its judgment of possession; (ii) the § 362(b)(22) exception to the automatic stay did not apply because the eviction proceeding was void as it was filed prior to the expiration of the fourteen (14)-day stay contained in FED. R. BANKR. P. 4001(a)(4); (iii) the Landlord and Landlord's Counsel knew of the existence of the automatic stay; and (iv) the Landlord and Landlord's Counsel willfully violated the automatic stay.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O), and this Court is authorized to issue a final order in determination of this matter. Accordingly, the Court has both the statutory and constitutional authority to hear and determine these proceedings subject to the statutory appellate provisions of 28 U.S.C. § 158(a)(1) and Part VIII ("Bankruptcy Appeals") of the Federal Rules of Bankruptcy Procedure. This decision constitutes the Court's findings of fact and conclusions of law under FED. R. CIV. P. 52, made applicable to this contested matter by FED. R. BANKR. P. 7052. Regardless of whether specifically referred to in this decision, the Court has examined the submitted materials, considered statements of counsel, considered the testimony given in this matter, considered all of the evidence, and reviewed the entire record of the case.

## DISCUSSION OF BACKGROUND FACTS AND
## PROCEDUAL HISTORY OF THE CASE

Paula Milner ("Debtor" or "Ms. Milner") commenced this bankruptcy case on July 15, 2025. Millington Oaks Apartments was listed in Debtor's schedules [DE 1, Schedule E/F, Part 4.8 and Schedule G, Part 2.1], Chapter 13 Plan [DE 2, Part 10 and 16] and the Creditor Matrix. Millington Oaks Apartments received notice of the meeting of creditors thru the BNC Mailing service on July 18, 2025. [DE 13] Debtor also emailed Millington Oaks Apartments' property manager on July 16, 2025 to notify her Landlord of her new bankruptcy petition and that she would

make two payments to account for the August rent due. The first payment was paid July 25 and the second was paid August 8. [DE 22]

Because this was Debtor's second bankruptcy case filed within one year, Debtor filed a timely Verified Motion to Extend Automatic Stay to All Creditors ("Motion to Extend"). [DE 7] The service of the Motion and Notice of Hearing [DE 11] were served on the Matrix, which contained service via first-class mail to Millington Oaks Apartments on July 19, 2025. [DE 16] The Court entered an Order Granting Debtor's Motion to Extend the Automatic Stay on August 5, 2025. [DE 18] A copy of said Order was served on Millington Oaks Apartments. [DE 19, p. 3]

Debtor filed a previous bankruptcy petition in July 2023 (Case No. 23-23647). That case proceeded along a normal Chapter 13 course. On October 8, 2024 — more than a year after the case was filed — Millington Oaks Apartments thru counsel, Glankler Brown PLLC ("Glankler Brown"), filed a Motion for Relief from Stay ("Motion for Relief") [Case #23-23647, DE 33] to pursue eviction proceedings in state court. The Motion for Relief was continued several times by agreement of the parties. Eventually, an Order Granting Adequate Protection and Lifting the Automatic Stay to Permit Action for Possession of Premises as to Millington Oaks Apartments ("Order Terminating Automatic Stay") was entered February 11, 2025. [Case No. 23-23647, DE 38] The Order Terminating Automatic Stay was announced prior to the hearing by Movant's counsel with no opposition by Debtor. The Order Terminating Automatic Stay authorized Millington Oaks Apartments "to proceed with any legal action necessary in state court or otherwise for possession." The Order Terminating Automatic Stay *did not* waive the stay provisions contained in FED. R. BANKR. P. 4001(a)(4) which provides that "[u]nless the court orders otherwise, an order granting a motion for relief from the automatic stay . . . is stayed for 14 days after it is entered."

3

After receiving the Order Terminating Automatic Stay, Millington Oaks Apartments, through counsel, Glankler Brown, filed a new forcible entry and detainer action ("FED") in General Sessions Court (Case #2309498) on February 20, 2025 (9 days after the Order Terminating Automatic Stay was entered). Service of process was not issued until April 15, 2025.[1] [DE 37, Exh. 2, p. 2] Debtor was served April 17, 2025. [DE 37, Exh. 2, p. 3] Debtor's 2023 bankruptcy case was then dismissed on April 25, 2025.

Millington Oaks Apartments through Glankler Brown obtained its judgment against Debtor for possession on May 1, 2025. [DE 37, Exh. 2, p. 2] After more than a month and a half delay, a writ of possession was issued by General Session on July 14, 2025 (the day before the second bankruptcy petition was filed) but was not delivered to Debtor until August 13, 2025. [DE 22 at ¶12] In the interim, curiously, notice of the first (dismissed) bankruptcy case was filed on the General Sessions docket on July 29, 2025 along with a copy of the Order Terminating Automatic Stay that was issued in the first bankruptcy case. [DE 37, Exh.2, p. 5 and DE 22] By the time these two pleadings were filed with the General Sessions Court, the above-styled second bankruptcy case had been filed (i.e. July 15, 2025) and the automatic stay was in place.

---

[1] Counsel for Millington Oaks Apartments asserts that given the change in Clerk of Court of the General Sessions Court in Shelby County, Tennessee, eviction proceedings are not timely processed per internal policies of the new Clerk. Counsel argues that while the lawsuit was sent to the Clerk for filing on February 20, 2025, it was not actually filed until April 15, 2025 when the Clerk "actually processed" the filing. While this Court does not fully grasp the concept that a Clerk of Court is holding filings for multiple months, the docket in General Sessions shows a filing date of February 20, 2025. This Court is unaware of any action taken against the General Sessions Clerk of Court that would fix said wrongful procedure; therefore, this Court is left with the public record. A record that shows no action taken against the Clerk for delaying eviction filings — yet the record in this case, and others before this Court, show multiple delays within the General Sessions Clerk's Office.

4

On August 13, 2025, the process server delivered the writ of possession and set Debtor's belongings out of her residence. [DE 22] This action prompted Debtor's Motion for Contempt[2] and Sanctions against Millington Oaks Apartments and Glankler Brown PLLC for violation of the Automatic Stay [DE 22] and the Joint Response in Opposition filed by Respondents [DE 33]. The Parties also submitted additional briefing upon the request of the Court. [DE 37, 38, and 39]

<u>**LAW AND ANALYSIS**</u>

**<u>Stay Violation under § 362(a)(1) and (3) of the Bankruptcy Code</u>**

Section 362(a) of the Bankruptcy Code provides a very broad stay of actions when an individual files a bankruptcy case. Pursuant to § 362(a)(1), a bankruptcy petition operates as an automatic stay to "all entities of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ." 11 U.S.C. § 362(a)(1). Section 362(a)(3) stays "any act to obtain possession of property of the [bankruptcy] estate . . . or to exercise control over property of the [bankruptcy] estate[.]"

When the Bankruptcy Code was enacted in 1978, § 362(b) of the Bankruptcy Code contained several exceptions to the automatic stay. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") created a number of new exceptions to the automatic stay under § 362(b), including the one Respondents claim is at issue in this case, § 362(b)(22), which states that, subject to subsection (*l*), the filing of a bankruptcy petition does not operate as a stay

---

[2] Contempt is not the appropriate remedy for a willful violation of the automatic stay, as Bankruptcy Code § 362(k) provides debtors an express right of action to address such violations and provides a specific statutory remedy. *See* 11 U.S.C. § 362(k) and *In re Witham*, 579 B.R. 787, 796 (Bankr. E.D. Ky. 2017) (citation omitted). For this reason, the Court will address only the Debtor's Motion as it pertains to sanctions and does not hold any party in contempt.

under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

This exception enables a lessor of residential property who already holds a judgment of possession obtained before a bankruptcy case is filed, to recover possession of such property from the tenant even if the tenant files a bankruptcy petition. But BAPCPA did not leave the tenant entirely defenseless when it enacted this new exception. BAPCPA gave the tenant who files bankruptcy after a judgment of possession an opportunity to stay in possession of the residence by creating two exceptions in § 362(l)(1) and (2), one temporary and one permanent, to the § 362(b)(22) exception.

However, before addressing the exception in § 362(b)(22), the Court must determine if Respondents action of commencing the eviction proceeding (Case #2309498) against the Debtor on February 20, 2025 (9 days after the Order Terminating Automatic Stay was entered) was an action taken in violation of the automatic stay. A party in interest, after notice and hearing, may seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest" pursuant to 11 U.S.C. § 362(d)(1) and FED. R. BANKR. P. 4001. Rule 4001(a) governs notice and service of process of a motion for relief from the automatic stay. It further outlines that, "[u]nless the court orders otherwise, an order granting a motion for relief from the automatic stay . . . is stayed for 14 days after it is entered." FED. R. BANKR. P. 4001(a)(4). Respondents' Motion for relief from the automatic stay failed to seek a waiver of the Rule 4001 14-day stay; hence, it is well established that the relief granted shall not exceed the scope of that requested. *See Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 fn. 16

6

(4th Cir. 1979); *Builders Steel Co. v. Heidenreich (In re Heidenreich)*, 216 B.R. 61, 63-64 (Bankr. N.D. Okla. 1998).[3] With this in mind, it is a fundamental tenant of bankruptcy law that "[a]ctions taken in violation of the automatic stay are 'invalid and voidable and shall be voided absent limited equitable circumstances.'" *Tyson v. Hunt (In re Tyson)*, 450 B.R. 754, 764 (Bankr. W.D. Tenn. 2011) (citing *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir.1993)).

Respondents failed to wait until the expiration of the 14-day stay in FED. R. BANKR. P. 4001(a)(4); therefore, the eviction proceeding (Case #2309498) is void.[4] All actions taken in General Sessions Court Case #2309498 are void. The Court does not even reach the exceptions contained in § 362(b)(22) because the initial filing of the General Sessions case is void (and the related judgment is void). *See Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 207 (2d Cir. 2014) ("[S]o central is the § 362 stay to an orderly bankruptcy process that actions taken in violation of the stay are void and without effect.") (quoting *FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125, 137 (2d Cir. 1992)).

Because no exception to the stay applies, there can be no question that the filing and serving of the FED is the commencement and continuation of a legal proceeding and a violation of § 362(a)(1) and (3). *Butler v. Bellwest Mgmt. Corp. (In re Butler)*, 14 B.R. 532, 534 (S.D.N.Y 1981) ("Clearly an eviction proceeding is a judicial proceeding against the Debtor within § 362(a)(1) . . . ."); *see also In re Salov*, 510 B.R. 720, 727 (Bankr. S.D.N.Y. 2014) (stay violated

---

[3] Even if requested in a motion for relief from the automatic stay, "[g]ranting this relief [from the Rule 4001(a)(4) 14-day stay] as a matter of routine, particularly in cases where stay relief has been unopposed and is being granted by default, risks working considerable hardship on debtors, and particularly consumers, by effectively mooting any post-order remedies or relief that they might seek." *In re Stokes*, No. 09-20999, 2009 WL 792803, at *2 (Bankr. D. Utah March 20, 2009); *see also In re Henderson*, 395 B.R. 893, 904 (Bankr. D. S.C. 2008).

[4] Further, Respondents did not argue any unusual circumstances as enumerated in *Easley v. Pettibone Mich. Corp.*

where creditors filed a motion for writ of eviction against the debtor); *In re Prusan*, 495 B.R. 203, 206-08 (Bankr. E.D.N.Y. 2010) (stay violated where creditor's attorney sent a post-petition letter to the state court in an underlying action requesting a contempt hearing against debtor).

Having found that the automatic stay was violated under § 362(a)(1) and (3), the next question for the Court is whether Respondents' conduct is subject to sanctions under § 362(k).

**Actual Damages**

Section 362(k) provides in relevant part that "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). To satisfy the willfulness standard of § 362(k) for the recovery of damages, the individual claiming injury must establish that the creditor knew of the stay and violated the stay by an intentional act. *See Dawson v. RAM Motors, LLC (In re Dawson)*, 665 B.R. 796, 804 (Bankr. S.D. Ohio 2025) (quoting *In re Dougherty-Kelsay*, 601 B.R. 426, 447 (Bankr. E.D. Ky. 2019), *aff'd*, 636 B.R. 889 (B.A.P. 6th Cir. 2022) (quoting *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999))). "Indeed, 'where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate.'" *Id.* (further citations omitted). The individual seeking relief under § 362(k) has the burden of proving each of these elements by a preponderance of the evidence. *In re Witham,* 579 B.R. 787, 793 (Bankr. E.D. Ky. 2017).

Debtor has satisfied each of the elements. First, Respondents were aware of the existence of the automatic stay at the time of their commencement and prosecution of the eviction proceeding. Indeed, the events leading up to this dispute started with Millington Oaks Apartments' request for relief from the automatic stay. Respondents failed to wait the 14 days required under Bankruptcy Rule 4001(a)(4) which began to trigger the downturn of events.

8

Debtor directly communicated with Millington Oaks Apartments about her new bankruptcy petition and upcoming payments that would be made post-petition to keep her post-petition rent current. Millington Oaks responded to Debtor regarding the payment and future payment for August rent on July 16, 2025 (the day after Debtor filed bankruptcy). Debtor made two payments, one July 25 and one August 8 for rent due in August. Despite accepting these payments, receiving direct communication from the Debtor about her bankruptcy and numerous BNC notices from this Court [*See* DE 1, Schedule E/F, Part 4.8 and Schedule G, Part 2.1; DE 2, Part 10 and 16; DE 13; DE 7; and DE 16] regarding the new bankruptcy petition, Respondents proceeded to deliver a writ of possession to Debtor on August 13 and set all of Debtor's personal property out of the leasehold property. [DE 22]

Moreover, after receiving notice of the new bankruptcy petition, curiously, notice of the first bankruptcy case was filed on the General Sessions docket on July 29, 2025 along with a copy of the Order Terminating Automatic Stay that was issued in the first bankruptcy case.[5]

The fact that Respondents were under the misguided belief that the automatic stay had remained terminated under the terms of the Order Terminating Automatic Stay and the exception contained in § 362(b)(22) applied is of no consequence.[6] *Isom v. Yoon (In re Isom)*, Nos. 97-45212, 97-4179, 1998 WL 173204 (Bankr. D. Minn. April 8, 1998) (whether the creditor understands that the automatic stay is in effect is equally irrelevant); *see also Cuffee v. Atl. Bus. & Cmty. Dev. Corp.*

---

[5] The Court requested a full copy of the General Sessions file, but it was devoid of real background information. The Court finds these state court filings very disingenuous and potentially deceiving to the General Sessions Court as the new bankruptcy case was the relevant case and Millington Oaks Apartments needed to seek a new order for relief from automatic stay in the new case.

[6] As to the second element for recovery of damages under § 362(k), it is unnecessary to prove that the respondent intended to violate the stay itself; instead, the statute only requires that the respondent intended to take the actions that violated the stay. *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 302 (5th Cir. 2005) (quoting *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 482 (9th Cir. 1989)); *Collier v. Hill (In re Collier)*, 410 B.R. 464, 472 (Bankr. E.D. Tex. 2009).

9

*(In re Atl. Bus. & Cmty. Corp.)*, 901 F.2d 325, 327 (3d Cir.1990) (citation omitted) (a good faith belief that the act does not violate stay is not relevant to the determination of willfulness). The question is not whether Respondents had the subjective belief of the continuing applicability of the automatic stay to their actions, but rather whether Respondents were aware of the existence of the automatic stay. There is no question Respondents had knowledge of the second bankruptcy case. Second, there is similarly no question about Respondents' intentional conduct in commencing and prosecuting the eviction proceeding. The evidence is clear Respondents prematurely brought an FED action against Debtor prior to the 14-day stay contained in FED. R. BANKR. P. 4001(a)(4). Therefore, the FED action filed on February 20, 2025 is void. *See Easley*, 990 F.2d at 911. Respondents cannot argue that they were not subject to the automatic stay instituted with the second bankruptcy case (and the subsequent extension of the automatic stay).

Respondents chose not to seek any comfort order in this Court to confirm their beliefs that the automatic stay was not applicable to their continued eviction action. Instead, they ignored the notice of the bankruptcy and meeting of creditors, the July 16, 2025 email from Debtor, motion to extend the automatic stay, and numerous other notices, and proceeded with obtaining a post-petition writ of possession by the state court and proceeded to have the Debtor forcibly evicted from her property. In the state of Tennessee, this process includes, as in this case, the removal of all personal property contained within the premises and leaving all personal property at the curb.[7]

Finally, Respondents' commencement and prosecution of the eviction proceeding violated the automatic stay provisions of § 362(a)(1) and (3) of the Bankruptcy Code. Therefore, Debtor

---

[7] Even if the exception in § 362(b)(22) applied in this case, this Court wonders whether the removal of property of the estate would require relief from the automatic stay. An issue that is not currently before the Court, but an interesting question.

10

has successfully established that Respondents willfully violated the automatic stay in commencing and prosecuting the eviction proceeding.

Based upon the foregoing, § 362(k) of the Bankruptcy Code mandates an award of actual damages, including costs and attorneys' fees. *See* 11 U.S.C. § 362(k)(1) ("an individual injured by any willful violation of [the automatic stay] *shall recover* actual damages, including costs and attorneys' fees") (emphasis added); *see also Garza v. CMM Enter., LLC (In re Garza)*, 605 B.R. 817, 829 (Bankr. S.D. Tex. 2019) ("Section 362(k)(1) mandates that one injured by a willful stay violation 'shall recover' actual damages, costs and attorneys' fees . . . . The words 'shall recover' indicate that Congress intended that the award of actual damages, costs, and attorneys' fees be mandatory upon a finding of a willful violation of the stay.") (citations omitted).

**Punitive Damages**

As for punitive damages, § 362(k) provides that such damages "may" be recovered by an individual injured by a willful violation of the stay "in appropriate circumstances." 11 U.S.C. § 362(k)(1). "The availability of punitive damages in this context 'encourages would-be [stay] violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations.'" *Collier v. Hill (In re Collier)*, 410 B.R. 464, 478 (Bankr. E.D. Tex. 2009) (quoting *Crysen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2nd Cir. 1990)). "Such damages are generally designed to cause a change in the creditor's behavior . . . and serve as a deterrent to certain actions of creditors . . . ." *Id.* (citing *Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 406 (B.A.P 1st Cir. 2004)). The Court finds that punitive damages are warranted in this case. Respondents had multiple opportunities to appear and seek direction from the Court as to the applicability of the

11

automatic stay, but chose to continue to chart their own course, one that has undoubtedly caused damages to this Debtor.

A separate hearing will be held on **February 25, 2026** at **11:30 a.m.** in the United States Bankruptcy Court, Courtroom No. 680, 200 Jefferson Avenue, Memphis, Tennessee to determine actual damages, including attorney fees and costs, and punitive damages.

## **CONCLUSION**

For the reasons stated above, the Court grants Debtor's Motion for Sanctions against Glankler Brown PLLC and Millington Oaks Apartments for actions constituting a willful violation of the automatic stay.

IT IS SO ORDERED.

The Bankruptcy Court Clerk shall serve a copy of this Opinion and Order on the following interested parties:

Paula A. Milner
4961 Navy Road, #3
Millington, TN 38053

Arthur A. Byrd, Jr.
116 Mulberry Street
Collierville, TN 38017

S. Joshua Kahane
Glankler Brown PLLC
6000 Poplar Ave, Ste 400
Memphis TN 38119

Jennifer K. Cruseturner
Chapter 13 Standing Trustee
5350 Poplar Ave, #500
Memphis, TN 38119

U.S. Trustee
Office of the U.S. Trustee
One Memphis Place
200 Jefferson Ave, Ste 400

Memphis, TN 38103